# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**JASON CORNELIUS ZIMMERMAN,**

    **Plaintiff,**

**-vs-**      Case No. **6:06-cv-685-Orl-22KRS**

**MELISSA NADINE PRICE, MARTEZ,**

    **Defendants.**

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

   This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **APPLICATION TO PROCEED IN FORMA PAUPERIS (Doc. No. 2)** |
| **FILED:** | **May 18, 2006** |

   On March 29, 2006, Plaintiff Jason C. Zimmerman, filed a complaint against Melissa Nadine Price and "Martez." Doc. No. 1. Zimmerman also filed an application under 28 U.S.C. § 1915 to proceed without prepayment of fees. Doc. No. 2.

   Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court is required to consider whether Zimmerman's complaint is frivolous, malicious, fails to state a claim on which relief may be granted or seeks monetary relief against a defendant who is immune from such relief. *See also* Local Rule 4.07; *Mitchell v. Farcass*, 112 F.3d 1483, 1491 n.1 (11th Cir. 1997) (Lay, J.,

concurring) ("Section 1915(e) applies to all [*in forma pauperis*] litigants – prisoners who pay fees on an installment basis, prisoners who pay nothing, and nonprisoners in both categories.").

Additionally, it is not clear that this Court has subject matter jurisdiction. "Federal courts are obligated to inquire into subject-matter jurisdiction *sua sponte* whenever it may be lacking." *Cadet v. Bulger*, 377 F.3d 1173, 1179 (11th Cir. 2004) (internal quotations and citations omitted).

## I.   STANDARD OF REVIEW.

The United States Court of Appeals for the Eleventh Circuit applies the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6) to dismissals for failure to state a claim on which relief may be granted under section 1915(e)(2)(B). Under this standard, a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). "In evaluating the sufficiency of a complaint under Rule 12(b)(6), courts must be mindful that the Federal Rules require only that the complaint contain 'a short and plain statement of the claim showing that the pleader is entitled to relief[.]'" *United States v. Baxter Int'l, Inc.*, 345 F.3d 866, 880 (11th Cir. 2003) (quoting Fed. R. Civ. P. (8)(a)).

In addition, it is well established that "[*p*]*ro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). Nevertheless, it is not the Court's duty to re-write a plaintiff's complaint so as to bring it into compliance with the Federal Rules of Civil Procedure. *See Peterson v. Atlanta Hous. Auth.*, 998 F.2d 904, 912 (11th Cir.

1993); *see also Olsen v. Lane*, 832 F. Supp. 1525, 1527 (M.D. Fla. 1993) ("[P]*ro se* litigant[s] must still meet minimal pleading standards.").

**II.   ANALYSIS.**

Zimmerman alleges that at some point in 2000 or 2001, at the Ramada Hotel in Orlando, Florida, Price and Martez raped him. Accordingly, his Statement of Claim alleges rape, sexual assault, and sexual battery. Doc. No. 1 at 8.

It is not clear from the complaint what, if any, basis for federal jurisdiction exists in this case. Zimmerman does not specify any federal constitutional or statutory provisions that he believes were violated. He also fails to provide any information about the defendants that suggests that the defendants were acting under color of state law. Accordingly, it does not appear that this Court could exercise federal question jurisdiction. 28 U.S.C. § 1331.

In order for the Court to exercise diversity jurisdiction, the parties must be citizens of different states and the amount in controversy must exceed $75,000.00. 28 U.S.C. § 1332. Zimmerman does not allege the state in which he and each of the defendants is a citizen. Therefore, the complaint is insufficient to establish that this Court could exercise diversity jurisdiction.

Because this Court may not proceed unless subject matter jurisdiction is clear, *Lifestar Ambulance Service, Inc. v. United States*, 365 F.3d 1293, 1295 (11th Cir. 2004), I respectfully recommend that the Complaint be dismissed without prejudice, and that the motion to leave to proceed *in forma pauperis*, doc. no. 2, be denied without prejudice. Zimmerman should be given leave to file an amended complaint to allege a basis for this Court to

exercise jurisdiction. *Cf. Troville v. Venz*, 303 F.3d 1256 (11th Cir. 2002) (holding that a civil detainee should have been given leave to amend after the *sua sponte* dismissal of his complaint under § 1915(e)(2)(B)). Alternatively, of course, Zimmerman may file his complaint in state court.

Should Zimmerman choose to refile in this Court, rather than in state court, he must follow the pleadings requirements of this Court. In order to state a claim that is cognizable in federal court, Zimmerman must state a claim, based on fact and law, that falls under the federal court's jurisdiction.

To state a claim based on a federal question, Zimmerman must include in his amended complaint a description of actions taken by the defendant that allegedly violate the "Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Zimmerman must identify the specific provision of the Constitution, federal law, or treaty that was violated. He must then explain the actions taken by the defendant that allegedly violated the cited provision and describe how he was harmed by the defendant's actions. Zimmerman must also identify the defendant with reasonable specificity by providing the defendant's complete name and address.

To state a claim based on diversity jurisdiction, Zimmerman must allege that he and the defendant are citizens of different states. A corporation is "a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." *Vareka Invs., N.V. v. American Inv. Props., Inc.*, 724 F.2d 907, 909 (11th Cir.1984)(quoting 28 U.S.C. § 1332(c)(1)). As with any claim, Zimmerman must provide the complete name and address of the defendant. He also must state in his amended complaint the facts upon

which he believes the defendant violated a law and how the violation harmed him.

### III.     RECOMMENDATION.

Based on the foregoing, I respectfully recommend that the Complaint filed in this action, doc. no. 1., be **dismissed without prejudice**, and that the motion to proceed *in forma pauperis*, doc. no. 2, be **denied without prejudice**. I further recommend that the Court give the plaintiff eleven days from the date of the ruling on this Report and Recommendation to file an amended complaint and a renewed motion to proceed without payment of fees.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on May 22, 2006.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy